FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 25 2013 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEON K. HART,

                    Plaintiff,

    -against-

THE CAPITOL, *et al.*,

                    Defendants.
------------------------------------------------------------X

MEMORANDUM & ORDER
13-CV-5654(JFB)(ARL)

BIANCO, District Judge:

Incarcerated *pro se* plaintiff, Keon K. Hart ("plaintiff"), presently located at the Mid-State Correctional Facility in Marcy, New York, brings this *in forma pauperis* action pursuant to 42 U.S.C. § 1983 ("Section 1983").

Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, though the complaint is difficult to comprehend, it appears that the events giving rise to plaintiff's claims are alleged to have occurred at Mid-State Correctional Facility, which is located in Oneida County, New York. Oneida County is within the Northern District of New York. *See* 28 U.S.C. § 112(a). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Northern District of New York.

Additionally, on September 20, 2013, plaintiff commenced an action in the Northern District of New York, Hart v. N.Y. State Office of Mental Health, et al., 9:13-CV-1171(LEK)(DEP). In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. *See N.Y. & Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where plaintiff does not reside in the chosen forum and the operative facts did not occur there. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

In this case, even assuming *arguendo* that venue is proper in this district under Section 1391(b) (which is not at all clear from the complaint), the Court concludes, based on the totality of circumstances, that it is in the interest of justice to transfer this action under § 1404(a) to the United States District Court for the Northern District of New York. Specifically, there appears to be no connection whatsoever in this lawsuit to the Eastern District of New York. Instead, plaintiff presently is incarcerated in the Northern District of New York, and the events giving rise to his alleged claims appear to have taken place during his confinement in the Northern District of New York. In particular, based upon documents plaintiff filed with the Court on November 1, 2013, it appears he is seeking to challenge his removal from the general population and placement in a mental health treatment program in the jail. These allegations appear to be similar to another lawsuit plaintiff filed in the Northern District of New York alleging that he has been improperly diagnosed by the jail. *See* Complaint, Hart v. N.Y. State Office of Mental Health, et al., 9:13-CV-1171(LEK)(DEP).

2

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York under Section 1404(a). The Court makes no determination with regard to plaintiff's *in forma pauperis* application and that motion is reserved for the transferee court. The Clerk of the Court is further directed to mark this case closed.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: November 25, 2013
Central Islip, NY